# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| THOMAS TOOMES, | : | CIVIL ACTION NO. 3:17-cv-0744 |
| --- | --- | --- |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| U.S.P. CANAAN, UNITED STATES OF AMERICA, | : | |
| Defendants | : | |

## MEMORANDUM

Thomas Toomes ("Plaintiff"), at all relevant times, an inmate incarcerated at the United States Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania, filed this action on April 27, 2017, pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA"), 28 U.S.C. §§ 1346(b), 2401, 2671, *et seq.* (Docs. 1, 4-1). He names USP Canaan and the United States of America as Defendants. (<u>Id.</u>)

Plaintiff seeks to proceed *in forma pauperis*. (Doc. 8). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

1

I.      **STANDARDS OF REVIEW**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). Notably, the assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555 (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); see also Iqbal, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); *see also* FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief").

Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on August 29, 2013, while incarcerated at USP-Canaan, he was assaulted by a corrections officer. (Doc. 1, pp. 1, 2; Doc. 4-1, pp. 1, 2). He alleges that he suffered severe injuries requiring transport to an outside hospital. (Id. at 3, 4; Id. at 3, 4). He seeks compensatory and punitive damages. (Id. at 4; Id. at 5).

## III.  DISCUSSION

### A.   Bivens Claim

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (holding if the allegations of a complaint, "for example, show that relief is

barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Like civil rights claims brought pursuant to 42 U.S.C. § 1983, the statute of limitations for Bivens claims is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). Plaintiff's claim arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two year statute of limitations for personal injury actions. 42 PA. CONS. STAT. ANN. § 5524(2).

The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action. See Garvin v. City of Phila., 354 F.3d 215 (3d Cir. 2003); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir.1991). It is clear from the complaint that the Bivens claim accrued on August 29, 2013, the date of the alleged assault. This action was commenced on April 24, 2017, the date on which the complaint was signed and presumably delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date). (Doc. 1, p. 4). The filing of the complaint is well outside the applicable limitations period. Consequently, the complaint is barred by the statute of limitations.

Further, the facts of the case reveal that Pennsylvania's tolling exceptions are unavailable to Plaintiff. "Under Pennsylvania tolling principles, the statute is tolled until 'plaintiffs knew or using reasonable diligence should have known of the claim.' Urland v. Merrell-Dow Pharmaceuticals, Inc., 822 F.2d 1268, 1272 (3d Cir. 1987). '[T]he Supreme Court of [Pennsylvania] views tolling of the statute of limitations in terms of the 'knew or should have known' standard whether the statute is tolled because of the discovery rule or because of fraudulent concealment.' Id. at 1273." Vernau v. Vic's Mkt., Inc., 896 F.2d 43, 46 (3d Cir. 1990)

The "discovery rule 'tolls the limitations period until the plaintiff learns of his cause of action or with reasonable diligence could have done so' and 'is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to him.' William A. Graham Co. v. Haughey (Graham II), 646 F.3d 138, 141, 150 (3d Cir. 2011)." Stephens v. Clash, 796 F.3d 281, 284 (3d Cir. 2015). Plaintiff's case, however, differs from cases in which the discovery rule has been applied. See e.g., Acker v. Palena, 260 Pa. Super. 214, 393 A.2d 1230 (1978) (finding the rule applied in a case where physician concealed an injury and offered assurances that the injury would resolve with the passage of time); Anthony v. Koppers, 284 Pa. Super. 81, 425 A.2d 428 (1980) (statute begins to run when plaintiff or plaintiff's decedent first had reason to learn that death of plaintiff's decedent may have been caused by occupational exposure to

5

emissions from defendant's coke ovens).  The existence and cause of Plaintiff's inuries were known from the day of the assault.  He immediately knew of his injuries, knew of the operative cause of the injury, and knew of the relationship between the cause and the injury.

Nor can he argue that the statute should be tolled because he was not aware of the severity of his injury until some future date.  "This proposition has never been accepted to toll the statute of limitations in Pennsylvania. To satisfy the requirement that plaintiff know, or through the exercise of reasonable diligence should know of the injury, a plaintiff need only know of its existence.  See Petri, *supra*, 453 A.2d at 346 ("Although [plaintiff] was not immediately aware of the nature or extent of the damage, [the fact of the injury] was obvious.")"  Cardone v. Pathmark Supermarket, 658 F. Supp. 38, 40 (E.D. Pa. 1987).

The fraudulent concealment exception allows tolling of the statute of limitations where "through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from the right of inquiry."  Ciccarelli v. Carey Can. Mines, Ltd., 757 F.2d 548, 556 (3d Cir.1985).  Clearly this exception is inapplicable to the facts of Plaintiff's case.

B.     FTCA

Under the FTCA, a plaintiff may not bring suit against the United States "for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). "It is a jurisdictional prerequisite to a suit under the FTCA that a plaintiff have exhausted all administrative remedies." See Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009) (finding that to make a claim under the FTCA, a claimant first must file the claim with the administrative agency allegedly responsible for the injuries) (citations omitted). Plaintiff does not allege that he previously filed an administrative claim regarding the assault. Consequently, this Court lacks jurisdiction to consider his claims under the FTCA. See e.g. Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); Bieregu v. Ashcroft, 259 F.Supp.2d 342, 354–55 (D.N.J. 2003) (noting at PLRA screening stage that a district court lacks jurisdiction over an FTCA claim until the claimant has exhausted administrative remedies) (citing McNeil v. United States, 508 U.S. 106 (1993); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995)).

Accordingly, Plaintiff's claims pursuant to the FTCA will be dismissed without prejudice because Plaintiff has not met the jurisdictional requirement under 28 U.S.C. § 2675(a). See Bialowas, 443 F.2d at 1049 (holding that presentation of the claim to the

appropriate federal agency and a final denial by that agency as a jurisdictional prerequisite to suit under the FTCA).[1]

## IV.  LEAVE TO AMEND

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 114 (3d Cir. 2002).  In this case, it is clear that allowing Plaintiff leave to amend would be futile.  The Bivens claim is clearly barred by the statute of limitations and no tolling exceptions are available to Plaintiff.  In addition, even if Plaintiff can meet the jurisdictional prerequisite

---

[1]  Moreover, the FTCA claim also suffers from the statute of limitations bar.  An FTCA action must also comply with the applicable statute of limitations.  Under federal law, tort actions against the United States must be:

> [P]resented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Plaintiff contends that he was assaulted on August 29, 2013.  (Doc. 4-1, p. 1).  He did not commence the instant action until April 24, 2017.  (Doc. 4-1, p. 5).  Thus, it appears from the face of the Complaint that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations.  Although the FTCA's statute of limitation, 28 U.S.C. § 2401(b), is a procedural, and not a jurisdictional, time bar, see United States v. Kwai Fun Wong, — U.S. —, 135 S.Ct. 1625, 1633 (2015), Plaintiff has not provided any reason for equitable tolling.  Accordingly, it appears that Plaintiff's FTCA claim is time barred and is subject to dismissal on this basis as well.

applicable to the FTCA claim, it, too, is barred by the statute of limitations and no tolling exceptions apply.

V. **CONCLUSION**

Based on the foregoing, Plaintiff's complaint (Docs. 1, 4-1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.

                                          **BY THE COURT:**

                                          **s/James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**

Dated:       June 26, 2017